a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH ISIAS FIGUEROA,<br>Petitioner | CIVIL DOCKET NO. 1:23-CV-00975<br>SEC P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN GARRETT,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Joseph Isias Figueroa ("Figueroa"). Figueroa is a prisoner at the Federal Correctional Institution in Pollock, Louisiana. Figueroa challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Figueroa has received all the credit to which he is legally entitled, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

On July 18, 2019, Figueroa was arrested by Texas authorities for evading arrest/detention with a prior conviction; possession of marijuana; and violation of a court order. ECF No. 1-2 at 2. Additional charges were filed by the Wichita Falls Sheriff's Office for unlawful possession of a firearm by a convicted felon (Case No. DC78-CR2019-0463) and a parole violation warrant (Case No. 48317-B). Id.

1

On November 19, 2019, a criminal complaint was filed in the United States District Court for the Northern District of Texas charging Figueroa with possession of a firearm by a convicted felon. *United States v. Figueroa*, 7:20-CR-005 (N.D. Tex.), ECF No. 1. That court issued a writ of habeas corpus ad prosequendum for Figueroa to appear in the Northern District for prosecution. *Id.* at 3. Figueroa remained in temporary federal custody throughout the federal proceedings.

On September 1, 2020, Figueroa was sentenced to 92 months of imprisonment. The judge ordered that the sentence run concurrently to any sentence that may be imposed in DC789-CR2019-0460 and DC78-CR2019-0463, which were pending in the 78th Judicial District Court of Wichita Falls. *Id.* at 65.

On September 10, 2020, Figueroa was returned to state custody. ECF No. 1-2 at 2. According to documents filed in Figueroa's federal criminal case, the state charges in DC789-CR2019-0460 and DC78-CR2019-0463 were dismissed. *Figueroa*, 7:20-CR-005 (N.D. Tex.), ECF No. 70.

On February 1, 2021, Figueroa's parole was revoked in Case No. 48317-B, which required him to serve the remainder of a previously imposed term of imprisonment. ECF No. 1-2 at 2.

On July 26, 2021, Figueroa's state sentence was completed, and he was released to federal authorities for service of the federal sentence. *Id.*

Figueroa asked the BOP for credit for the time spent in custody on the parole revocation (No. 48317-B)—a case not mentioned in the federal judgment. The BOP wrote to the sentencing judge asking the court's position on a nunc pro tunc

2

designation. ECF No. 1-2 at 3; *Figueroa*, 7:20-CR-005 (N.D. Tex.) ECF No. 70. The federal court did not respond to the inquiry.

## II. Law and Analysis

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A district court may review a challenge to the BOP's refusal to grant credit. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The computation of a federal sentence is governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585. Therefore, a prisoner's federal sentence commences when he is received in federal custody to begin serving his sentence. And he only gets credit for time served if it has not already been credited toward another sentence, "regardless

3

of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

Figueroa's temporary transfer for federal prosecution pursuant to a writ of habeas corpus ad prosequendum did not transfer his primary custody from state to federal. *See Richardson v. Outlaw,* 274 F. App'x 353 (5th Cir. 2008) (transfers pursuant to writs of habeas corpus ad prosequendum to face federal prosecutions did not place petitioner in the primary custody of federal authorities); *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) (a writ of habeas corpus ad prosequendum only constitutes a "loan" of the prisoner to another jurisdiction). Thus, Figueroa's sentenced commended on July 26, 2021, the date he was received in federal custody for service of his sentence. The custodial time prior to that date was credited toward the state sentence in Case No 48317-B and cannot also be credited toward the federal sentence under § 2585(b).

The federal judge ordered Figueroa's federal sentence to run concurrent with future sentences in DC78-CR2019-0460 and DC78-CR2019-0463. But those cases were dismissed. The Judgment did not include Case No. 48317-B.

When a federal judgment is silent regarding whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. *See* 18 U.S.C. § 3584(a); *U.S. v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). The Department of Justice's request for input as to Case

No. 48317-B went unanswered. Therefore, the federal sentence is presumed to run consecutive to that state sentence.

Under §3585 and the Judgment of the sentencing court, Figueroa has received all the credit to which he is legally entitled.

### III. Conclusion

Because Figueroa has been afforded all the sentencing credit to which he is legally entitled, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, January 4, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE